IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MOORE, | : |
| Plaintiff, | : |
| v. | :     CA 14-00463-KD-C |
| TELEDYNE TECHNOLOGIES INCORPORATED PENSION PLAN, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the motion to dismiss the Amended Complaint (doc. 69) and memorandum of law in support (doc. 70) filed by Teledyne Technologies Incorporated Pension Plan and Plan Administrative Committee of the Teledyne Technologies Incorporated Pension Plan ("the Teledyne Defendants"), the Plaintiff's response (doc. 61), and the Teledyne Defendants' reply (doc. 63).[1] After consideration of the Teledyne Defendants' motion and the briefs of the parties, it is the Magistrate Judge's **RECOMMENDATION** that the motion to dismiss (doc. 69) be **GRANTED** as discussed below.

### Background and Relevant Allegations in the Amended Complaint

The Plaintiff, James Moore, brings this action seeking relief under the Employee

---

[1] As explained in the undersigned's January 23, 2015 order (doc. 71), the undersigned has considered the Teledyne Defendants' motion to dismiss the Amended Complaint in conjunction with the response and reply briefs (docs. 61 and 63) filed during the briefing of the Teledyne Defendants' motion to dismiss the original Complaint (doc. 48). (Doc. 71 ("Because the parties have already fully briefed the arguments presented by the Teledyne Defendants in their motion to dismiss the Amended Complaint, (*see* docs. 48, 61 and 63), and because the undersigned has already held a telephone conference wherein the undersigned heard the parties argue their positions on the motion to dismiss, (*see* doc. 62), the undersigned now takes the motion to dismiss the Amended Complaint (doc. 69) under submission without any further briefing.").)

Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").[2] The Plaintiff alleges that he was previously employed by Teledyne Technologies Incorporated and Allegheny Technologies Incorporated, at which time he became a participant in the Teledyne and/or Allegheny pension plans. (Doc. 67, ¶ 7.) Currently, the Plaintiff works as an employee for Continental Motors, Inc., but he alleges that he continues to be a participant in the Teledyne and/or Allegheny plans. (*Id.*) The Plaintiff further asserts the following relevant factual allegations:

> 15. In preparation for retirement, and in order to insure that he had adequate retirement income, [the Plaintiff] requested that the Plan provide him a calculation of the benefit he would receive at normal retirement. Plaintiff received a response from Allegheny Technologies Benefit Center informing him that he was entitled to [a] pension benefit of $607.20 per month.
>
> 16. Based upon the terms of the Plans, [the Plaintiff] should be credited with approximately 38 years of service and is entitled to a substantially greater monthly benefit.
>
> 17. [The Plaintiff] or his representative contacted the Plan Administrator seeking clarification concerning the amount of benefit payable; specifically, he sought information regarding the years of service upon which the estimated benefit was based. [The Plaintiff] also informed the Plan Administrator of the potential error in calculation of the credited years of service.
>
> 18. [The Plaintiff] did not receive a response to his first written request for clarification and information. His representative sent a second letter dated February 6, 2014 renewing his request for clarification and requesting specific plan documents.
>
> 19. The Plan Administrator and/or the Plan Defendants have failed or refused to respond to the requests for clarification.
>
> 20. As noted above, in addition to the request for clarification of benefits, [the Plaintiff] requested that the Plan Administrator provide documents under which the Plan is established or operated, including but

---

[2] Plaintiff asserts identical claims against the Teledyne Defendants as well as another employer and associated pension plan, Allegheny Technologies Incorporated and Allegheny Technologies Incorporated Pension Plan ("the Allegheny Defendants"). The Allegheny Defendants answered the Amended Complaint (doc. 68) and did not file a motion to dismiss, (*see* docket sheet).

>not limited to the latest summary plan description, the latest updated plan document, the latest annual report, the bargaining agreement or agreements applicable to the Plan, the trust agreement, copies of predecessor plans and summary plan descriptions, and any contract or any other document by which the Plan is established or operated. The request was made pursuant to 29 U.S.C. § 1024(b)(4) on about March 6, 2014. The Plan Administrator has not responded to the request for documents despite the fact that more than 30 days have elapsed since the request.
>
>21.   [The Plaintiff] has exhausted all administrative remedies available to remedy his claim.

(*Id.*, ¶¶ 15-21.)

In Count I of the Plaintiff's Amended Complaint, the Plaintiff seeks a clarification regarding his right to future benefits under 29 U.S.C. § 1132(a)(1)(B). (*Id.*, ¶¶ 22-25.) Specifically, the Plaintiff contends that the Plan Administrator should recalculate his estimated monthly pension benefit using his thirty-eight years of service, rather than the substantially shorter period of service upon which the benefit estimate he received was based. (*Id.*) In Count II, the Plaintiff demands relief for the Defendants' failure to respond to the Plaintiff's request for plan documents. (*Id.*, ¶¶ 26-28.) The Plaintiff alleges that "[t]he failure to respond to Plaintiff's request for plan documents within thirty (30) days violates 29 U.S.C. § 1132(c) and is actionable under 29 U.S.C. § 1132(a)(1)(A)." (*Id.*, ¶ 28.)

The Teledyne Defendants have filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 69 and 70.) The Teledyne Defendants argue that the Plaintiff cannot seek a clarification of his right to benefits in this Court because he failed to exhaust his administrative remedies. (Doc. 70 at 5-10.) The Teledyne Defendants also argue that the Plaintiff cannot pursue relief for the Defendants' alleged failure to provide plan documents because the Plaintiff has not specifically alleged that he submitted a written request to the Teledyne Defendants

3

requesting such documents.  (*Id.* at 11-12.)

In response, the Plaintiff questions whether exhaustion of administrative remedies is required, (doc. 61 at 4-5), and argues that, if it is required, that requirement should be excused under the circumstances of this case.  The Plaintiff did not respond to the Teledyne Defendants' argument regarding the Plaintiff's failure to specifically allege that he submitted a request to the Teledyne Defendants for plan documents.  (*See id.*)

### **Legal Standard for Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss for failure to state a claim questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true, *see, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), and all factual allegations, moreover, are to be construed in the light most favorable to the plaintiff, *see, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989); *see also Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (same).

Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'  As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.").  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Id*. at 678-79 (internal citations and quotation marks omitted); *see also id*. at 680 (a plaintiff must nudge his claims "across the line from conceivable to plausible."); *compare Speaker*, 623 F.3d at 1381 ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [] statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'"), *with Robinson v. Correctional Med. Assocs., Inc.*, Civil Action No. 1:09–cv–01509–JOF, 2010 WL 2499994, at *2 (N.D. Ga. June 15, 2010) ("Factual allegations in a complaint need not be detailed but 'must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in

the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555) (internal citations and emphasis omitted)).

## Analysis

I.     **Failure to Exhaust Administrative Remedies**

> Although the text of ERISA is silent on the matter, the Eleventh Circuit Court of Appeals requires that a plaintiff exhaust her available administrative remedies before bringing ERISA claims in federal court. *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985); *Counts v. American General Life and Acc. Ins. Co*, 111 F.3d 105, 108 (11th Cir. 1997); *Springer v. Wal–Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990). The Eleventh Circuit Court of Appeals applies this rule to claims for benefits as well as claims for statutory violations of ERISA. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006).
>
> That being said, there are well-established exceptions to the exhaustion requirement, "the most familiar examples perhaps being when resort to the administrative route is futile or the remedy inadequate." *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980) (quotation omitted). Thus, the application of the exhaustion requirement is committed to the district court's sound discretion. *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990) *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001).

*Dickerson v. Physicians Pain Specialists of Ala., P.C.*, Civil Action No. 10-0337-CG-C, 2011 WL 4591191, at *4 (S.D. Ala. Oct. 4, 2011).

While the Plaintiff's Amended Complaint includes the bare allegation that he exhausted his administrative remedies, (doc. 67, ¶ 21), the Plaintiff cannot avoid dismissal on exhaustion grounds by asserting such a bare and conclusory statement, *see Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 n.2 (11th Cir. 1995) (concluding that the plaintiff could not circumvent the exhaustion requirement merely by alleging that "it had complied with 'all conditions precedent'").[3]

---

[3] The undersigned notes that the Middle District of Florida has concluded in multiple instances that a plaintiff's general allegation that he exhausted administrative remedies was sufficient to defeat a motion to dismiss on exhaustion grounds. *See Tran Chiropractic Wellness Ctr., Inc. v. Aetna Inc.*, No. 8:14-cv-47-T-36EAJ, 2015 WL 144243, at *5 (M.D. Fla. Jan. 12, 2015); *O'Toole v. Ford Motor Co.*, No. 6:13-cv-849-ORL-36-CEH-GJK, 2014 WL 2532451, at *4

The Plaintiff provides no explanation as to how he exhausted his administrative remedies with respect to the Teledyne Defendants. (*See* docs. 61 and 67.) Based on the Plaintiff's own statements he never contacted the Teledyne Defendants in any manner, much less in a manner that satisfied the administrative review requirements. In the Amended Complaint, the Plaintiff states that, after Allegheny Technologies Benefit Center informed him that he is entitled to $607.20 per month in pension benefits, (doc. 67, ¶ 15), he sent two letters to the "Plan Administrator" seeking clarification regarding his benefits, (*id.*, ¶¶ 17-18). In the Plaintiff's response brief, he explains that those letters were sent to one of the Allegheny entities, (doc. 61 at 4), and not to the Teledyne entities, (*id.* at 7). Moreover, at the time of the hearing on this matter, Plaintiff's counsel conceded that he never submitted any communications to the Teledyne Defendants. With respect to the Teledyne Defendants, the Plaintiff argues that his failure to exhaust administrative remedies should be excused, (*id.* at 5-7).

Based on the foregoing, the undersigned finds that the Plaintiff failed to exhaust his administrative remedies with respect to the Teledyne Defendants. The undersigned now considers the question of whether that failure should be excused in this case.

The Plaintiff argues that his failure to exhaust should be excused because administrative review of his claims in this case would be futile and would not allow for an adequate remedy. (Doc. 61 at 5-6.) The Plaintiff explains the futility of administrative review as follows:

> [Allegheny] has acknowledged its responsibility for a portion of the pension benefit and indicated that it believes the Teledyne Plan is responsible for another portion of the benefit. Two separate partial pensions, however, are less than one full pension. If [Plaintiff]'s pension

---

(M.D. Fla. Mar. 6, 2014); *Markwart v. United Parcel Serv., Inc.*, No. 2:13-cv-186-FtM-38DNF, 2013 WL 3864347, at *5 (M.D. Fla. July 24, 2013). However, the undersigned finds those cases unpersuasive and inapplicable to this case where it is abundantly clear that the Plaintiff failed to exhaust his administrative remedies.

> benefit is paid in part by the [Allegheny] Plan and in part by the Teledyne Plan his pension will be incomplete. In other words, while Allegheny acknowledges its responsibility to pay for part of the pension, the Allegheny multiplier of $24 per month for each year of service is far below the $30 per month per year of service in the Teledyne Plan. Because both of the Plan Administrators in this case could conceivably determine a partial pension is payable to [the Plaintiff], [a]dministrative review would be incomplete and merely delay the resolution of the issue in this Court.

(*Id.* (citation and footnote omitted).) Thus, Plaintiff's argument hinges on his contention that administrative review could *conceivably* be inadequate. For the Court to excuse exhaustion, however, the Plaintiff must make a "'clear and positive' showing of futility." *Bickley*, 461 F.3d at 1330 (citing *Springer*, 908 F.2d at 901); *Springer*, 908 F.2d at 901 (citing *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)); *Bryant v. Cmty. Bankshares, Inc.*, No. 2:12-cv-562-MEF, 2014 WL 805917, at *2 (M.D. Ala. Mar. 3, 2014) ("[T]o overcome [d]efendants' motion to dismiss, the [plaintiffs] must make a clear and positive showing of futility." (citing *Engelhardt v. Paul Revere Life Ins. Co.*, 77 F. Supp. 2d 1226, 1233 (M.D. Ala. 1999))). Here, the Plaintiff's concern for a conceivably inadequate review process is far too weak of a showing. Without ever contacting the Teledyne Defendants to address his concerns with his future benefits, the Plaintiff cannot state with any certainty what results might be obtained administratively. The Plaintiff's mere belief that there is a possibility that an administrative inquiry will be inadequate falls far short of the clear and positive showing of futility needed to warrant excusal of the exhaustion requirement. *See Springer*, 908 F.2d at 901 (holding that showing of futility was insufficient where the Plaintiff failed to pursue administrative review following the administrator's denial of her claim); *Dickerson*, 2011 WL 4591191, at *4 (rejecting the plaintiff's argument that administrative exhaustion was futile where the plaintiff failed to pursue administrative review after her employer's administrator informed her that that she was not eligible for benefits).

The Plaintiff also argues that his failure to pursue administrative remedies should be excused because "[the Plans] fail[ed] to provide plaintiff with information regarding the existence of an internal appeal mechanism" and, therefore, "failed to provide meaningful access to the review procedure." (Doc. 61 at 6-7 (citing *Curry*, 891 F.2d at 846-47; *Cromer-Tyler v. Teitel*, 294 F. App'x 504, 507 (11th Cir. 2008)).)[4]  This argument clearly fails because the Plaintiff does not allege that he submitted a request for documents to the Teledyne Defendants, specifically, (*see* doc. 67), and, as discussed above, it is clear from the Plaintiff's response brief and statements in Court that the Plaintiff never contacted the Teledyne Defendants or submitted to them any claim or request for documents.  Furthermore, there is not otherwise any indication that the Teledyne Defendants refused to provide the Plaintiff with Plan documents or otherwise denied the Plaintiff meaningful access to the administrative review process.  The Plaintiff can hardly claim that they denied him meaningful access to administrative procedures when he made no attempt to request documents or otherwise pursue those procedures.

Because the Plaintiff failed to exhaust his administrative remedies, he cannot pursue either of his claims against the Teledyne Defendants.  *See Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315-16 n.6 (11th Cir. 2000) (confirming that the Eleventh Circuit applies the "exhaustion requirement to both ERISA claims arising from the substantive provisions of the statute, and ERISA claims arising from an employment and/or pension plan agreement" (citations omitted)); *Bickley*, 461 F.3d at 1328 (same).  Accordingly, it is **RECOMMENDED** that the Plaintiffs' claims against the Teledyne

---

[4]  In *Curry* and *Cromer-Tyler* the Eleventh Circuit affirmed the decisions of the district courts to excuse the exhaustion requirement where the defendant failed to respond to the plaintiff's request for plan documents.  *See Curry*, 891 F.2d at 846-47; *Cromer-Tyler*, 294 F. App'x at 507.

Defendants be **DISMISSED** and that the **DISMISSAL** be **WITHOUT PREJUDICE**[5] to the Plaintiff refiling those claims after exhausting his administrative remedies.

## Conclusion

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the Teledyne Defendants' motion to dismiss (doc. 69) be **GRANTED** and that the Plaintiff's claims against the Teledyne Defendants be **DISMISSED WITHOUT PREJUDICE** so that the Plaintiff may refile his claims after exhausting his administrative remedies.[6]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for

---

[5] The Plaintiff argues that, if the Court determines that the Plaintiff was required to exhaust his administrative remedies, his claims against the Teledyne Defendants should be remanded, rather than dismissed. The undersigned, however, has concluded and hereby recommends that dismissal without prejudice is appropriate under these circumstances. *See Bickley*, 461 F.3d at 1330 ("[W]e affirm the district court's dismissal of [the plaintiff's] complaint without prejudice for failure to exhaust his administrative remedies."); *Wallace v. Blue Cross & Blue Shield of Ala.*, Civil Action No. 14-0119-CG-C, 2014 WL 5335823, at *1, 7 (S.D. Ala. Oct. 20, 2014) (dismissing the plaintiffs' wrongful denial of benefits claim without prejudice because they failed to exhaust administrative remedies).

[6] As mentioned above, the Allegheny Defendants have already filed an answer to the Plaintiff's Amended Complaint (doc. 68). Therefore, if the Court adopts this report and recommendation and dismisses the Plaintiff's claims against the Teledyne Defendants, the undersigned will enter a schedule for the Plaintiff and the Allegheny Defendants to meet and confer and file a report pursuant to Fed. R. Civ. P. 26(f).

the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 11th day of March 2015.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**